

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

September 6, 1966

Honorable Joe Resweber          Opinion No. C-751
County Attorney
Harris County                   Re: Commissions of County Attorneys
Houston, Texas                      in counties of 20,000 popula-
                                    tion or more for suits for
                                    delinquent personal property
                                    taxes - Officer's Salary
Dear Mr. Resweber:                  Fund.

        We have received your request for an opinion reading as
follows:

        "When the County Attorneys in counties
        with populations of twenty thousand (20,000)
        or more have successfully represented the
        State and County in suits to collect delin-
        quent personal property taxes, are said County
        Attorneys entitled to deduct their commissions
        from said taxes and pay the same into their
        respective County Treasuries (Officer's Salary
        Fund)?"

        You have submitted a brief on the question propounded
in which you reached the conclusion that it should be answered
in the affirmative.  We agree with your conclusion.

        While the statute (Article 7332, Vernon's Civil Statutes)
specifically provides for the fees of the county attorneys in
suits for delinquent taxes on real estate, there is no specific
statute mentioning compensation for suits for delinquent taxes
on personal property.

        Article 335, Vernon's Civil Statutes, reads as follows:

        "Whenever a district or county attorney
        has collected money for the State or for any
        county, he shall within thirty days after
        receiving the same, pay it into the treasury
        of the State or of the county in which it
        belongs, after deducting therefrom and retain-
        ing the commissions allowed him thereon by
        law.  Such district or county attorney shall
        be entitled to ten per cent commissions on
        the first thousand dollars collected by him

-3612-

> in any one case for the State or county
> from any individual or company, and five
> per cent on all sums over one thousand
> dollars, to be retained out of the money
> when collected, and he shall also be entitled
> to retain the same commissions on all collec-
> tions made for the State or for any county.
> This article shall also apply to money realized
> for the State under the escheat law."

This office has consistently held that the above Article provides for compensation to be paid to the county attorneys on money collected in suits for delinquent personal property taxes. Opinions numbers 0-260, 0-1098, 0-988 and 0-2410. In view of this, the only question to determine is whether the compensation collected by the county attorney in such cases is to be placed in the Officer's Salary Fund.

Article 16, Section 61 of the Texas Constitution reads as follows:

> "All district officers in the State of
> Texas and all county officers in counties
> having a population of twenty thousand (20,000)
> or more, according to the then last preceding
> Federal Census, shall be compensated on a
> salary basis. . . .

> "All fees earned by district, county and
> precinct officers shall be paid into the county
> treasury where earned for the account of the
> proper fund, provided that fees incurred by the
> State, county and any municipality, or in case
> where a pauper's oath is filed, shall be paid
> into the county treasury when collected and
> provided that where any officer is compensated
> wholly on a fee basis such fees may be retained
> by such officer or paid into the treasury of
> the county as the Commissioners Court may direct.
> All Notaries Public, county surveyors and public
> weighers shall continue to be compensated on a
> fee basis. . . ."

The enabling act for the above constitutional provision is Article 3912e, Vernon's Civil Statutes. Section 1 of this Article provides that neither the State nor County shall pay to any county officer of any county containing a population of

20,000 or more inhabitants any fee or commission for any service by him performed as such officer, with certain exceptions, which exceptions do not mention the compensation provided for by Article 335. However, we believe that this provision was intended to provide that such officer shall not be entitled to receive and keep any fee or compensation authorized by law, but only provides that such compensation so received shall be placed in the Officer's Salary Fund since Section 5 of the same Article provides as follows:

> "It shall be the duty of all officers to charge and collect in the manner authorized by law all fees and commissions which are permitted by law to be assessed and collected for all official service performed by them. As and when such fees are collected they shall be deposited in the Officers' Salary Fund, or funds provided in this Act. . . ."

In view of the above, we answer your question in the affirmative.

### S U M M A R Y

When the County Attorney in a county of a population of 20,000 or more has successfully represented the State and County in a suit to collect delinquent personal property taxes and has collected such taxes, said attorney is authorized to collect the commission provided by Article 335, V.C.S., and may deduct the same from the taxes collected, but is required to pay the same into the Officer's Salary Fund.

Yours very truly,

WAGGONER CARR
Attorney General

By: H. Grady Chandler
Assistant

HGC/fb:lr

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
James Broadhurst
Jack Goodman
Lewis Berry
Ben Harrison

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright